**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICHAEL MYERS,
     *Plaintiff*,

    v.

GUADARRAMA, et al.,
     *Defendants.*

No. 3:26-cv-00994 (VAB)

**INITIAL REVIEW ORDER**

Michael Myers, a sentenced inmate housed at the MacDougall-Walker Correctional Institution ("MacDougall"),[1] has filed a *pro se* Complaint under 42 U.S.C. § 1983. *See* Compl., ECF No. 1. He has sued six Defendants for civil rights violations for an alleged interference with his access to the courts in violation of the First Amendment.

Mr. Myers has named the following Defendants in both their individual and official capacities: MacDougall Warden Guadarrama; Captain Ortega; District Administrator Rodriguez; Mail Handler Norton; Acting District Administrator Long; and Mailroom Supervisor Melain. *Id.* at 4-5.

For the following reasons, Mr. Myers's First Amendment claims against all Defendants are **DISMISSED** without prejudice.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On March 30, 2025, Mr. Myers allegedly wrote to Warden Guadarrama about the adequacy of the law library at MacDougall. *Id.* ¶ 1. On April 9, 2025, Mr. Myers allegedly wrote to Captain Ortega requesting more time in the library to work on his habeas petition. *Id.* ¶ 2. Mr.

---

[1] *See* DOC, Inmate Locator, available at https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=292902 (last accessed June 25, 2026).

1

Myers allegedly followed up on both requests on April 20, 2025, *id.* ¶ 3, and allegedly went through the grievance process related to these concerns from May through July 2025. *Id.* ¶ 4-5. As a result of the inadequate law library, Mr. Myers alleges that his habeas petition was denied and dismissed. *Id.* ¶ 6.

Mr. Myers additionally alleges that, on September 9, 2025, Mail Handler Norton "signed the mail package addressed to" Mr. Myers. *Id.* at 7. On September 14 and 15, 2025, Mr. Myers allegedly told the mailroom that he had a court deadline and requested the package. *Id.* It is not clear if Mr. Myers ever received this package, or if it was instead delayed. In October and November 2025, Mr. Myers allegedly went through the grievance process, presumably related to his delay in receiving his legal package. *Id.* at 7-8. Mr. Myers alleges that, because of his delayed receipt of his legal package, he "could not properly prepare, file, litigate his claims," and his claims were denied. *Id.* at 8.

On June 23, 2026, Mr. Myers filed his Complaint. Compl., ECF No. 1. In his Complaint, Mr. Myers seeks injunctive relief in the form of "systemwide relief" and monetary damages. *Id.* at 6, 8, 10.

On June 24, 2026, the Court granted Mr. Myers's motion to proceed *in forma pauperis*. ECF No. 5.

This review follows.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see*

*also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Id*. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III.    DISCUSSION

The Court addresses Mr. Myers's claims in turn.

### A.  The First Amendment Claims

#### 1.  The Access to the Law Library Claim

The First Amendment to the United States Constitution guarantees prisoners "the right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Morello v. James*, 810 F.3d 344, 346 (2d Cir. 1987). To prevail on a section 1983 access to the courts claim, the plaintiff must demonstrate that a prison official "actually interfered with his access to the courts or prejudiced an existing action," *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 345 (N.D.N.Y. 2010), and show that he suffered an actual injury as a result of the conduct of the defendants. *Lewis*, 518 U.S. at 351–53.

To establish an actual injury, a plaintiff must allege facts showing that the defendant took or was responsible for actions that hindered his efforts to pursue a "nonfrivolous" legal claim. *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) ("Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost . . . plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim" that he sought to pursue or seeks to pursue in court) (citation omitted); *see Lewis*, 518 U.S. at 353 (suggesting that the injury requirement of an

access to courts claim is satisfied if an "inmate could demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." (footnotes omitted)).

Mr. Myers alleges inadequate access to the law library. But he has not alleged any alleged interference with his right to court access that frustrated a nonfrivolous claim pursued in court.

Accordingly, Mr. Myers's claim for interference with right of court access based on the inadequate law library will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

### 2. The Interference with Legal Mail Claim

"Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To state a claim for interference with legal mail, a plaintiff must allege that the defendant "took or was responsible for actions that 'hindered [the plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan,* 127 F.3d 243, 247 (2d Cir. 1997) (citing *Lewis,* 518 U.S. at 351).

Here, Mr. Myers alleges that prison officials were delayed in delivering his legal mail to him, and that this delay resulted in him failing to "properly prepare, file, and litigate his claims," and the dismissal of his claims.

But these allegations are not sufficient. Although Mr. Myers alleges in conclusory terms that the delay with his legal mail caused his claims to be denied, "[m]ere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Davis*, 320 F.3d at 352 (internal quotation marks and citation omitted).

Accordingly, Mr. Myers's claim for interference with legal mail will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

## IV.    CONCLUSION

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

If Mr. Myers can allege facts to correct the deficiencies identified in this Order, he may file an Amended Complaint by **August 7, 2026**.

**An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original complaint in evaluating any Amended Complaint.** The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process.

**SO ORDERED** at New Haven, Connecticut, this 26th day of June, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

6